**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
LEE WILLIAMS,

         Plaintiff,

  - v -              Civ. No. 9:10-CV-635
                    (GLS/RFT)
D. E. LACLAIR, *Superintendent,*
*Franklin Correctional Facility*, and
S. BROWN, *Deputy Superintendent*
*for Security*

         Defendants.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| LEE WILLIAMS | |
| Plaintiff, *Pro Se* | |
| 99-B-1222 | |
| Washington Correctional Facility | |
| Box 180 | |
| 72 Lock 11 Lane | |
| Comstock, New York 12821 | |
| | |
| HON. ERIC T. SCHNEIDERMAN | RICHARD LOMBARDO, ESQ. |
| Attorney General of the State of New York | Assistant Attorney General |
| Attorney for Defendants LaClair & Brown | |
| The Capitol | |
| Albany, New York 12224 | |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

On May 28, 2010, *pro se* Plaintiff Lee Williams filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights, Dkt. No. 1, Compl, which was amended on August 11, 2010, Dkt. No. 10, Am.

Compl. On February 10, 2012, the Honorable Thomas J. McAvoy, Senior United States District Judge, issued a Decision and Order, adopting a Report and Recommendation, finding that the only claims to survive the motion to dismiss were those retaliation claims against LaClair and Brown. *See* Dkt. Nos. 41, Rep. & Recommendation, dated Dec. 20, 2011, & 42, Decision & Order.

Presently before the Court is the Defendants' Motion to Dismiss, pursuant to FED. R. CIV. P. 41, which was converted, *sua sponte*, into a Motion to Compel and to Dismiss, pursuant to both FED. R. CIV. P. 37 and 41. Dkt. Nos. 51, Defs.' Mot. to Dismiss, dated June 27, 2012, & 55, Order, dated June 27, 2012. On December 12, 2012, Williams filed a Response to the Motion to Dismiss, Dkt. No. 56, which was replied to by Defendants on January 14, 2013, Dkt. No. 60.

## I. BACKGROUND ON THE MOTION TO COMPEL AND DISMISS

Promptly after Senior Judge McAoy's Decision and Order was issued, this Court issued a Mandatory Pretrial Discovery and Scheduling Order, typical in prisoner litigation within this District. Dkt. No 46, Order, dated Mar. 27, 2012. "To expedite the fair disposition of this action and to discourage wasteful pretrial activities," the Mandatory Pretrial Discovery and Scheduling Order mandates both parties, *inter alia*, to provide certain documents within sixty days of the date of the Order. *Id*. at p. 1. In this respect, Williams was commanded to produce (a) documents and other

materials he may use to support his claims, (b) correspondence, grievances, and documents related to his request for administrative remedies, and (c) complaints and petitions filed by him in any other case in any court relating to the same issues raised in this litigation. *Id*. at pp. 1-2. In order to maintain an expedited schedule, the Mandatory Pretrial Scheduling Order directed discovery to be completed by June 28, 2012. *Id*. at p. 4.

Although Defendants had timely complied with the Mandatory Pretrial Discovery and Scheduling Order, Williams had not. Dkt. No. 48, Defs.' Lt., dated May 29, 2012. In a Letter, dated May 29, 2012, Defendants repeated Williams's obligation to provide discovery pursuant to the Mandatory Pretrial Discovery and Scheduling Order verbatim. *Id*. Within a week, Defendants, once again, advised Williams of his failure to comply with a court order and his duty to participate in a deposition, and that his failures may lead to a motion to dismiss the Complaint for failure to prosecute. Concurrently, because Williams's scheduled deposition could not proceed timely because of his failure to disclose relevant documents, Defendants sought an extension of the discovery deadline, which would invariably allow Williams another opportunity to comply with this Court's Order and to submit to a deposition. Dkt. No. 49, Defs.' Lt.-Mot., dated June 5, 2012. In prisoner cases much like this, requests to extend the discovery deadline are typically granted, and here the Court

extended the discovery deadline to August 23, 2012. Text Order, dated June 6, 2012. Days after this Text Order, Defendants forwarded another Letter to Williams, rescheduling his deposition and further advising him that he if he did not abide by the Mandatory Pretrial Scheduling Order, they would "seek appropriate judicial intervention including, but not limited to, a motion to dismiss the complaint for failure to prosecute." Dkt. No. 51-1, Richard Lombardo, Esq., Decl., dated June 27, 2012, at ¶ 12.

Because Williams had not complied with the Mandatory Pretrial Scheduling Order by June 27, 2012, ninety days after the date of the Order, and rather than await the expiration of the revised discovery deadline, Defendants filed a Motion to Dismiss Williams's Complaint, pursuant to FED. R. CIV. P. 41, for failure to prosecute. Dkt. No. 51, Defs.' Mot. to Dismiss. In conjunction with Defendants' Motion, they filed a Letter-Motion seeking, in the "interests of both judicial economy and avoiding the potential waste of resources," a stay of all other proceedings pending a resolution of their Motion, which was granted. Dkt. Nos. 52, Defs.' Lt.-Mot., dated June 27, 2012, & 53, Order, dated June 27, 2012.

In the interim, this District's *Pro Se* Unit, erroneously assuming that the Motion to Dismiss was based upon Fed. R. Civ. P. 12(b)(6), rather than Rule 41, inadvertently sent Williams a Notice that he was not required to file a response to the Motion,

however, if he chose not to file a response, he was still required to notify the Court. Dkt. No. 54, Notice, dated June 28, 2012. Notwithstanding the clear direction to either file a response or a notice that he did not intend to respond, Williams did neither. When this Court realized the true nature of Defendants' Motion to Dismiss and discovered the Clerk's Notice to Williams, an Order vacating the Notice was issued. Dkt. No. 55, Order, dated Nov. 15, 2012. Furthermore, because this Motion to Dismiss was premised primarily on the failure to comply with a discovery order, this Court issued an Order, *sua sponte*, converting the Motion to Dismiss to a Motion to Compel and/or Dismiss pursuant to both FED. R. CIV. P. 37 and 41. *Id*. Being well established and commonplace within this District that when a motion seeking dismissal of a complaint for failure to adhere to a discovery order is made, it should be brought under both provisions of the Federal Rules of Civil Procedure. In doing so, interestingly enough, it allows the noncompliant party an opportunity to respond and explain why he neglected to provide the mandated discovery. *Id*. at p. 2. Lastly, the Court further warned Williams that "his continued inaction in this matter could result in this Court recommending dismissal of this action." *Id*.

On December 12, 2012, Williams filed a Response to the now amended Motion to Dismiss and Compel. Dkt. No. 56, Pl.'s Opp'n. Williams's Response is twofold: (1) seeking this Magistrate Judge's recusal for being "overtly biased" and due to

"serious doubt as to his impartiality;" and (2) furnishing a litany of reasons as to why he failed to comply with the Mandatory Pretrial Scheduling Order. *Id*. Due to its prolixity, the Court summarizes those reasons for non-compliance into an over-arching theme that Defendants, acting through agents at the Washington Correctional Facility, prevented him from prosecuting his present action. Williams claims that they (1) intercepted his legal mail, (2) censored his legal mail, (3) harassed, annoyed, intimidated, and assaulted him so that he would not file any more grievances, (3) directed him not to prosecute the present action or he would be sent to the special housing unit, (4) fabricated misbehavior reports against him, and (5) even though he had been designated a legal clerk in the law library, was not permitted to conduct meaningful research. *See generally id.* Additionally, Williams accuses Defendants of not answering his requests for discovery, making them "responsible for the silence of the plaintiff." *Id*. at pp. 3, 6, & 7.

In challenging Williams's litany of charges, Defendants, in filing their Reply, provided Affidavits from Washington Correctional Facility Officials, another Affidavit from Assistant Attorney General Richard Lombardo, and a Letter-Brief. Dkt. No. 60, Defs.' Reply, dated Jan. 14, 2013.[1]

---

[1] Those Declarations are from Captain Robert W. Hopkins, Dkt. No. 60-1, Deputy Superintendent Mary E. Bailey, Dkt. No. 60-2, Inmate Grievance Program Supervisor Dane L. Clark, Dkt. No. 60-3, and Assistant Attorney General Richard Lombardo, Dkt. No. 60-4.
(continued...)

## II. PLAINTIFF'S REQUEST FOR RECUSAL

The Court immediately turns, as it must, to Williams's Request for this Magistrate Judge to recuse himself from this pending action. By converting Defendants' Motion to a Motion to Compel Discovery as well as a Motion to Dismiss, Williams asserts that this Court is biased, impartial, has rushed to a determination of bad faith, and therefore has "adversely affected the plaintiff's capacity to litigate further." Dkt. No. 56 at pp. 1-2.

A federal judge must recuse himself in any proceeding where "his impartiality might reasonably be questioned [or] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." *See* 28 U.S.C. § 455. In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *Hughes v. City of Albany*, 33 F. Supp. 2d 152, 153 (N.D.N.Y.) (Kahn, J.) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)), *aff'd*, 189 F.3d 461 (2d Cir. 1999). More to that point is that the

---

[1](...continued)
Accompanying those Declarations are a host of Exhibits.

standard to determine objective reasonableness is that of an "objective, disinterested observer fully informed of the underlying facts [who] would entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quotation marks, alterations, and citations omitted). With respect to a claim of personal bias or prejudice, the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," unless they "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. at 555 (citations omitted). Moreover, it is well established that it is presumptively not improper for a court to preside over successive matters involving the same parties. *Id.* at 551.

Williams has not presented any facts or even cogent arguments that would support an objective basis for recusal. He has mistakenly concluded that by converting this Motion to one to Compel and/or Dismiss, the Court has adversely affected his capacity to further litigate, when in fact, such conversion allows him a greater chance to explain himself, an opportunity not available to him under a Rule 41 scrutiny. Stated another way, this conversion actually becomes another lifeline to litigate as opposed to a Rule 41 dismissal, which is the ultimate sanction, that can be imposed without the more critical and thorough analysis provided by Rule 37. Moreover, the *sua sponte* conversion of the Motion or any other ruling made by this

Court alone, as the Supreme Court has clearly pronounced, can never constitute a legitimate basis for a recusal. And, if Williams's secondary basis for recusal rests upon the Court extending the discovery deadline and other responding dates, he has failed to discern that these extensions have actually inured to his benefit.

It is also unfounded that the granting of any extension has interfered with Williams's ability to respond to a discovery order. The complaint that Defendants were allowed to evade responses to his discovery demands is groundless. Defendants state repeatedly that they were never served with any demands for discovery from Williams, and there is no indication on the Case Docket that Williams served or filed such demands, sought to depose several witnesses, or challenged the sufficiency of Defendants' mandatory document production. Dkt. No. 60-4, Richard Lombardo Decl., dated Jan. 14, 2013, at ¶ 5. In fact, until very recently, there has not been any motion or request from Williams seeking court intervention on any purported discovery demand or objections to any extension granted either party. *See* Dkt. No. 59, Pl.'s Appeal, dated Jan. 10, 2013. Thus, it is pure folly to claim that this Court aided the Defendants in an attempt to evade review of their alleged conduct especially when Williams failed to make any effort to apprise the Court of any difficulties he may have been experiencing.[2] Because Williams's claims of prejudice are baseless,

---

[2] Apparently, Williams has a penchant for charging officials, particularly hearing officers,
(continued...)

and for the above reasons, Williams's Request for recusal is denied.[3]

### III. MOTION TO COMPEL AND DISMISS

"If a party . . . fails to obey an order to provide or permit discovery," the Federal Rule of Civil Procedure authorizes an array of sanctions. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (noting that courts "possess wide discretion in imposing sanction under Rule 37"). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Sanctions are also available, upon motion, for a party's failure to attend his own deposition. FED. R. CIV. P. 37(d)(1)(A)(i).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the

---

[2](...continued)
with bias and hostility toward him as well as actively working against his interest. *See, e.g.*, Dkt. No. 60-19.

[3] As an aside, Williams charges that this Court has failed to respond to his Motion for a Preliminary Injunction. While it may be true that this Court did not respond to this Motion, the Honorable Thomas J. McAvoy, Senior United States Judge, who has the proper authority to grant a preliminary injunction, issued a Decision and Order on July 19, 2011, denying the Motion. Dkt. No. 38. Accordingly, his Motion was properly and timely addressed.

*-10-*

Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider the following: (1) the duration of Plaintiff's failure to comply with the Court's Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal;

(3) whether Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

As noted above, Williams levels a broadside attack complaining that Defendants' agents and actors at Washington Correctional Facility have used various devices to thwart his participation in this present action. Summarily, Williams exclaims that "[a]s the actions of the defendants, and their solicited actors, is directly attributable for the plaintiff's silence, as far as, his inability to respond to this courts instructions being caused by the interception of his legal mails, the defendants themselves are responsible for any resulting prejudice to their defense, as caused by their described conduct." Dkt. No. 56 at p. 7. However, his explanations are conclusory and mere sophistry. Furthermore, Defendants refute each of Williams's conclusory charges with sworn Affidavits and Exhibits. These submissions establish that there has not been any interception nor censorship of Williams's legal mail; in fact, during the relevant period of this litigation, he has sent thirty-nine (39) items of

privileged correspondence and has received fifty-three (53) items of privileged correspondence. Dkt. No. 60-2, Mary E. Bailey Decl., dated Jan. 14, 2013, at ¶¶ 4-10; *see also* Dkt. Nos. 60-12 & 60-13, Exs. (indicating Williams's receipt of his mail). As the Defendants outline, Williams's ability to conduct legal research was neither hampered nor curtailed in any manner, nor did he register any complaint with the Facility (or with this Court) of any denial of access to the courts or identify any threats of reprisals for filing lawsuits against prison personnel. Bailey Decl. at ¶¶ 11-16, & 17-22. In fact, the sworn record indicates that Williams was not encumbered in filing thirteen (13) grievances since his arrival at Washington Correctional Facility. *See generally* Dkt. No. 60-3, Dane L. Clark Decl., dated Jan. 10, 2013. Additionally, the fact that Williams has filed a Response to Defendants' Motion as well as a ten-paged Appeal of the Court's prior Order extending deadlines belies Williams's intimation that prison personnel's assaults, harassment, and annoyance has substantially and substantively impeded his ability to respond to the Mandatory Pretrial Scheduling Order and the several entreaties by Defendants. *See* Dkt. No. 59, Pl.'s Appeal.

After reviewing Defendants' Motion, Williams's Opposition, the entire Docket Report, and the Record, the Court finds that Williams has exhibited an apparent unwillingness to participate in discovery in this litigation. The Court's Mandatory Pretrial Discovery and Scheduling Order was clear as to what was required, including

adequate notice regarding a deposition of Plaintiff. And, in accordance with those parameters, Defendants provided clear notice to Williams as to what may occur if he continued to not abide by this Court's Discovery Order. Even with this Motion pending for nearly six months, and noting a clear understanding of the ramifications and conceivable consequences, Williams has yet to provide the mandated disclosure.

Defendants cannot be expected to combat Williams's charges without the benefit of his disclosure as well as having his testimony recorded before trial. In this respect, Defendants have been prejudiced. Moreover, Williams has not provided any substantial justifications for his failures to comply with a Court Order, and his conduct has frustrated the judicial process. It appears from his Response that he believes he can venture to trial without engaging fully in the pre-trial litigation stage. He could not be any more mistaken. Given Williams's behavior and inattention to the Court's Order and the repeated requests and notifications by the Defendants, the Court would be justified in recommending dismissal. *See Salahuddin v. Harris*, 782 F.2d at 1132 (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding). However, because dismissal is a drastic remedy to be imposed only in the most extreme circumstances and in the absence of less drastic sanctions, *Shcherbakovkiy*, 490 F.3d at 140, a court must be cognizant of the special latitude to be given to a "pro se"

litigant, *Osborn v. Goyle*, 2011 WL 553131, at *2 (N.D.N.Y. Jan. 11, 2011) (citations omitted),[4] and the degree of prejudice to the Defendants can be ameliorated, this Court may consider another remedy or condition the drastic remedy of dismissal.

Accordingly, insofar as the Defendants' Motion is considered as being brought pursuant to Rule 37, the Court directs Williams to serve adequate Mandatory Disclosures upon Defendants' Counsel by **February 22, 2013.** If Defendants do not receive the Mandatory Disclosures by **February 22nd**, they shall immediately file a status report with Judge McAvoy. **Plaintiff is warned that his failure to comply with this Court's directive may result in Judge McAvoy dismissing this action.** Furthermore, in the event Plaintiff fails to comply with this deadline, the Court also includes a recommendation of dismissal based upon the Defendants' Motion pursuant to Rule 41.

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**ORDERED**, that, to the extent Defendants' Motion (Dkt. No. 51) is construed as brought pursuant to Rule 37(b), it is **granted**. In this regard, the Court directs Williams to serve adequate Mandatory Disclosures upon Defendants' Counsel by

---

[4] Yet, the extent of that solicitude may be lessened where the *pro se* litigant is deemed experienced. *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). Even though the record indicates that Williams has filed dozens of grievances and works as a clerk in the Facility's law library, the Court is not prepared to declare Williams an experienced litigant, which would automatically subject him to the harshest remedy.

**February 22, 2013.** If Defendants do not receive the Mandatory Disclosures by **February 22nd**, they shall immediately file a status report with Judge McAvoy, who may dismiss this action based upon Plaintiff's non-compliance; and it is further

**RECOMMENDED**, that, to the extent Defendants' Motion (Dkt. No. 51) is construed as brought pursuant to Rule 41(b), it should be **granted** and this action should be dismissed if Plaintiff fails to comply with the Court's **February 22nd** disclosure deadline; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Albany, New York
January 29, 2013

Randolph F. Treece
U.S. Magistrate Judge